UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIELLE S. BETSON,

        Plaintiff,                      CIVIL ACTION 08-14943

        v.                                DISTRICT JUDGE THOMAS L. LUDINGTON

COMMISSIONER OF                  MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

**I.    PROCEDURAL HISTORY**

    *A.    Proceedings in this Court*

On November 26, 2008, Plaintiff Danielle Betson (Plaintiff) filed the instant suit (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of Supplemental Security Income (SSI) benefits (Dkt. No. 3). This matter is currently before the Court on cross-motions for summary judgment (Dkt. Nos. 12, 15).

In light of the entire record in this case, I find that substantial evidence supports the Commissioner's determination that Plaintiff was not disabled. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's

motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

### B.   *Administrative Proceedings*

Plaintiff applied for SSI benefits on December 17, 2001, alleging that she became unable to work on December 3, 1996 (Tr. at 43-46).  Plaintiff's claim was initially disapproved by the Commissioner on September 20, 2002 (Tr. at 28).  Plaintiff requested a hearing and, on June 7, 2004, Plaintiff appeared with counsel before Administrative Law Judge (ALJ) Samuel Rodner, who considered the case *de novo*.  In a decision dated July 28, 2004, ALJ Rodner found that Plaintiff was not disabled (Tr. 368-378).

Plaintiff requested a review of this decision from the Appeals Council on September 23, 2004 (Tr. 382-385).  In an order dated November 22, 2004, the Appeals Council vacated the ALJ's order of dismissal and remanded the case for further proceedings (Tr. 391-393).  Specifically, the Appeals Council remanded the case since ALJ Rodner's opinion did not discuss Dr. Douglas Foster's finding that Plaintiff had a GAF[1] score of 40 and since the ALJ improperly discounted Plaintiff's therapist's (Mr. Don Wojewoda) opinion, on the basis that Mr. Wojewoda was not a treating physician.  As such, the Appeals Counsel remanded the case with instructions to further evaluate the findings and opinions of Dr. Foster and Mr. Wojewoda.

---

[1] The GAF score is "a subjective determination that represents the clinician's judgment of the individual's overall level of functioning. It ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). A GAF score of 31-40 indicates some impairment in reality testing or communication (*e.g.*, speech is at times illogical, obscure, or irrelevant) or major impairment in several areas such as work or school, family relations, judgment, thinking or mood. A GAF of 41 to 50 means that the patient has serious symptoms . . . OR any serious impairment in social, occupational, or school functioning (*e.g.*, no friends, unable to keep a job). A GAF rating of 51 to 60 signals the existence of moderate difficulty in social or occupational functioning." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 276 (6th Cir. 2009).

A second hearing was held before ALJ Regina Sobrino on September 19, 2006 (Tr. 15). In a decision dated January 25, 2007, ALJ Sobrino found that Plaintiff was not disabled (Tr. 12-21). ALJ Sobrino's decision became the final decision of the Commissioner when, after the review of additional exhibits[2] (AC-1, Tr. at 10), the Appeals Council denied Plaintiff's request for further review on October 6, 2008 (Tr. at 7-9); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004). This lawsuit followed.

## II.  STATEMENT OF FACTS

### A.  ALJ Findings

Plaintiff was 37 years of age at the time ALJ Sobino issued her decision (Tr. at 21, 43). The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since December 3, 1996, Plaintiff's alleged disability onset date (Tr. at 17). At step two, the ALJ found that Plaintiff suffered from the following "severe impairments"– degenerative disc disease, atrial fibrillation, anxiety disorder and depression (Tr. at 17-18). At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id.*

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to "lift, carry, push and pull 5 pounds frequently and 10 pounds occasionally. She is able to stand/walk 2 hours per 8-hour workday. She is able to sit up to 8 hours per 8-hour workday. She should not

---

[2] In this Circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

climb ladders, ramps, or scaffolds, but can occasionally climb stairs. She can stoop and crouch rarely. She is limited to frequent (not constant) handling and fingering with the left (non-dominant) hand. She should not be exposed to hazards or drive as a work duty. She is limited to simple, routine work. She should not perform work that involves confrontation or negotiation" (Tr. at 18).

At step four, the ALJ found that Plaintiff did not have any past relevant work, as her earning records did not show any posted earnings (Tr. at 20). At step five, the ALJ denied Plaintiff benefits, as the ALJ found that Plaintiff could perform a significant number of jobs available in the national economy (Tr. at 20-21). The ALJ based this finding on the testimony of a vocational expert. In particular, the ALJ "asked the vocational expert whether jobs exist in the regional economy, defined as the lower peninsula of the State of Michigan, for an individual with [Plaintiff's] age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as 6,500 assembler jobs; 2,100 machine monitor jobs; 1,900 inspector jobs; 1,400 stock handler jobs; 2,100 administrative support jobs; and 1,900 interviewer jobs" (Tr. at 21).

    **B.**    *Parties' Arguments*

        **1.**    **Plaintiff's Claims of Error**

Plaintiff's motion for summary judgment raises two main arguments: (1) that the ALJ failed to perform a treating source analysis of Dr. Foster's (Plaintiff's Psychiatrist) and Mr. Wojewoda's (Plaintiff's Therapist) opinions; and (2) that the ALJ failed to articulate which specific records and diagnostic tests the ALJ considered when discounting Dr. Arshad Aquil's

opinion regarding Plaintiff's "lying down at intermittent times during the day and side effects of medication" (Pl. Brief at 7).

### 2.      Commissioner's Counter-Motion for Summary Judgment

Defendant responds that substantial evidence supports the ALJ's finding that Plaintiff could perform the limited range of work the ALJ found she could do given her impairments. Specifically, Defendant argues that the ALJ properly relied upon the opinions of state agency medical professionals and that the ALJ considered the opinions of Dr. Foster and Mr. Wojewoda, and properly gave them little weight.  As to Mr. Wojewoda, Defendant contends that, although Mr. Wojewoda indicated that Plaintiff had marked limitations in performing mental activities, this finding was directly contradicted by Mr. Wojewoda's own reports which consistently noted normal findings on his mental status examinations of Plaintiff (Tr. at 19, 350-54).  Because Mr. Wojewoda's own progress notes did not support his opinion, Defendant argues that the ALJ reasonably concluded that his opinion was entitled to little weight.

As to Dr. Foster, Defendant notes that Dr. Foster completed a form in August 2006, at the request of Plaintiff's counsel, in which he opined that Plaintiff had marked limitations in 14 mental work-related areas (Tr. at 513-14). However, as the ALJ noted, Dr. Foster's own progress notes did not support such severe limitations (Tr. at 19).  Defendant further argues that, while Dr. Foster managed Plaintiff's medications, he did not appear to perform any mental status examinations or psychological tests.  In terms of his management of Plaintiff's medications, Dr. Foster consistently noted that Plaintiff was doing well and that her prognosis was good (Tr. at 488-91, 494). Indeed, the ALJ cited to specific reports from Dr. Foster in which he indicated that Plaintiff was doing well (Tr. at 19, 488-89).  Accordingly, Defendant concludes that since Dr.

Foster's opinion was not adequately supported and was otherwise inconsistent with the record, the ALJ reasonably gave his opinion little weight. *See* 20 C.F.R. § 416.927(d)(2) (treating source opinion entitled to controlling weight when it is well-supported by objective medical evidence and is consistent with the other substantial evidence of the record).

As to Dr. Aqil's opinion, it was contained on a form in which he opined that Plaintiff could not perform even sedentary work (Tr. at 509-10). Defendant states that the ALJ discussed this opinion, and noted that Dr. Aqil's treatment records and diagnostic tests did not support his opinion (Tr. at 19). Defendant argues that the ALJ specifically cited Dr. Aqil's progress notes from December 2005 and July 2006 which showed no impaired gait, normal power and sensation, and normal memory (Tr. at 19). Defendant further argues that most of Dr. Aqil's other clinical findings showed minimal abnormalities (Tr. at 19, 226, 232, 242). Defendant addresses Plaintiff's argument, that the ALJ did not point to what treatment notes and diagnostic tests undermined Dr. Aqil's opinion, by averring that the ALJ discussed a few of Dr. Aqil's progress notes, and by stating that the ALJ was not necessarily required to discuss each and every finding from Dr. Aqil. Defendant maintains that Plaintiff has not pointed to any objective findings to show that the ALJ's statement was not a reasonable characterization of Dr. Aqil's progress notes. Thus, Defendant argues that the ALJ properly discounted Dr. Aqil's opinion.

Finally, Defendant argues that the ALJ also noted that the objective evidence did not support Plaintiff's allegations (Tr. at 19). For example, the ALJ noted that, although Plaintiff testified that she used a walker intermittently since 1996, progress notes in March and July 2006 showed that her gait was described as normal (Tr. at 19, 628). Indeed, Dr. Simpson examined Plaintiff in 2002 and noted that although Plaintiff walked with a slightly wide-based gait, there

was no need for an assistive device (Tr. at 261). In addition to the objective evidence, Defendant argues that the ALJ noted that other evidence undermined Plaintiff's allegations of a disabling condition (Tr. at 19). In particular, the ALJ noted that Plaintiff's activities which included visiting her grandmother in Arkansas, shopping, using a computer, driving, and doing laundry with some help, undermined her allegations (Tr. at 19, 274, 632-34). *See* 20 C.F.R. § 416.929(c)(3)(i)(daily activities considered in evaluating symptoms). Defendant also states that the record showed that Plaintiff hiked six miles and attended school four nights a week in 2001 and planned to return to school in 2005 (Tr. at 141, 143, 491). In sum, Defendant argues that the ALJ reasonably concluded that Plaintiff could perform a range of sedentary work, and that substantial evidence supports the ALJ's finding.

### III.   DISCUSSION

#### A.   *Standard of Review*

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the

court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may...consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a

different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

**B.     Governing Law**

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.

> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

  C. *Analysis and Conclusions*

 The ALJ determined that Plaintiff possessed the residual functional capacity to return to a limited range of sedentary work (Tr. at 18).

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a) (1991).

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

 Plaintiff's argument on appeal is that the ALJ failed to adequately address the opinions of Plaintiff's treating sources, namely Mr. Wojewoda, Dr. Foster and Dr. Aqil. Numerous Sixth Circuit decisions suggest that an administrative law judge must provide good reasons for the weight given a treating source's opinion. *See Nelson v. Comm'r of Soc. Sec.*, 195 Fed. Appx. 462, 469 (6th Cir. 2006); *Wilson v. Comm'r of Soc.. Sec.*, 378 F.3d 541 (6th Cir. 2004); *Hall v. Comm'r of Soc. Sec.*, 148 Fed. Appx. 456 (6th Cir. 2005). A treating source opinion is given controlling weight "if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques *and is not inconsistent with the other substantial evidence in the case*

*record.*" *Nelson*, 195 Fed. Appx. at 469 [emphasis added]. Here, the ALJ reviewed each treating sources' opinion, but properly discounted them based on other substantial evidence in the record.

Although Mr. Wojewoda indicated that Plaintiff had marked limitations in performing mental activities, the ALJ found that his opinion was not supported by the record (Tr. at 19). Indeed, Mr. Wojewoda consistently reported normal findings on his mental status examinations of Plaintiff (Tr. at 171- 97 ). The ALJ further noted that, although Mr. Wojewoda indicated that Plaintiff had passed out in his office, his treatment notes did not support this statement (Tr. at 548 ). Since Mr. Wojewoda's own progress notes did not support his opinion, the ALJ reasonably concluded that his opinion was not entitled to significant weight. *Id.*

Similarly, the ALJ properly weighed Dr. Foster's opinion. Dr. Foster completed a form in August 2006, in which he opined that Plaintiff had market limitations and 14 mental work-related areas (Tr. at 513-14). However, as the ALJ noted, Dr. Foster's own progress notes did not support such severe limitations (Tr. at 19). Regarding his management of Plaintiff medications, Dr. Foster consistently noted that Plaintiff was doing well and that her prognosis was good (Tr. at 488-91, 494). Indeed the ALJ cited to specific reports from Dr. Foster in which he indicated that Plaintiff was doing well (Tr. at 488-89). The ALJ further noted that Plaintiff's level of daily activities undermine Dr. Foster's extreme opinion (Tr. at 19). Because Dr. Foster's opinion was not adequately supported, and was otherwise inconsistent with the other evidence in the record, the ALJ reasonably gave Dr. Foster's opinion little weight.

As to Plaintiff's argument concerning Dr. Aqil's September 2006 report concluding that Plaintiff could not perform even sedentary work, the ALJ discussed this opinion but noted that Dr. Aqil's treatment records and diagnostic tests did not support his September 2006 opinion.

The ALJ specifically cited Dr. Aqil's progress notes from December 2005 and July 2006, which reflected no irregular gait, normal power and sensation and normal memory (Tr. at 19). Indeed, most of Dr. Aqil's other clinical findings showed minimal abnormalities (Tr. at 19, 226, 232, 242). Because Dr. Aqil's opinion was not adequately supported, the ALJ was not required to give that opinion significant weight. Furthermore, Plaintiff has not pointed to any objective findings to show that the ALJ's ultimate conclusion was not a reasonable characterization of Dr. Aqil's progress notes . Thus, the ALJ properly discounted Dr. Aqil's opinion.

In sum, after review of the record, it appears that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decision makers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

### III.  RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED** and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*,

931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not exceed 20 pages in length unless such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order.  If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.


S/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  November 4, 2009


Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 4, 2009, by electronic and/or ordinary mail.


s/Melody R. Miles
Case Manager to Magistrate Judge Mark A. Randon