UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIELLE S. BETSON,

        Plaintiff,

v.

        Case Number 08-14943-BC
        Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On December 17, 2001, Plaintiff Danielle S. Betson ("Plaintiff") filed an application with Defendant Commissioner of Social Security ("Defendant" or "Commissioner") for supplemental security income ("SSI") benefits. Plaintiff alleged that she had been disabled since December 3, 1996, due to several impairments, including fibromyalgia, arthritis, nerve damage, heart problems, anxiety, panic attacks, and depression. On September 20, 2002, Defendant denied Plaintiff's application for benefits and Plaintiff requested de novo review by an administrative law judge ("ALJ"). ALJ Samuel Rodner held a hearing on June 7, 2004; and denied Plaintiff's claim on July 28, 2004.

Pursuant to Plaintiff's request, the Appeals Council reviewed the ALJ's decision. On November 22, 2004, the Appeals Council vacated the ALJ's decision and remanded the case with instructions for the ALJ to further evaluate the findings and opinions of Dr. Douglas Foster and Mr. Don Wojewoda. On September 19, 2006, ALJ Regina Sobrino held a hearing; and denied Plaintiff's

claim on January 25, 2007. Tr. 15-21. On October 6, 2008, the Appeals Council denied Plaintiff's request for further review.

On November 26, 2008, Plaintiff commenced this action for review of the ALJ's decision. The case was referred to Magistrate Judge Mark A. Randon for determination of the non-dispositive issues and for a report and recommendation. On March 20, 2009, Plaintiff filed a motion for summary judgment [Dkt. # 12], and on May 11, 2009, Defendant filed a motion for summary judgment [Dkt. # 15]. On November 4, 2009, the magistrate judge issued a report and recommendation, recommending that the Court affirm the ALJ's decision, grant Defendant's motion for summary judgment, and deny Plaintiff's motion for summary judgment. The magistrate judge concluded that the ALJ's finding that Plaintiff remained capable of performing a significant number of jobs available in the national economy was based on substantial evidence.

On November 25, 2009, Plaintiff objected to the report and recommendation [Dkt. # 21], and on December 11, 2009, Defendant filed a response [Dkt. # 22]. Plaintiff objects that the magistrate judge ignored the fact that the ALJ did not properly analyze the opinions of Plaintiff's treating medical providers – Drs. Foster and Arshad Aqil and therapist Wojewoda. Plaintiff contends that the ALJ did not analyze each of six factors – examining relationship, treatment relationship, supportability, consistency, speciality, and other factors – that Plaintiff contends the ALJ was required to analyze pursuant to 20 C.F.R. 416.927(d)(2). Plaintiff does not dispute the basic underlying facts as presented by the magistrate judge, thus, the Court will not repeat them here. For the reasons stated below, the Court will **OVERRULE** Plaintiff's objections, **ADOPT** the report and recommendation, **GRANT** Defendant's motion for summary judgment, and **DENY** Plaintiff's motion for summary judgment.

The Court reviews Defendant's decision to determine whether its "factual findings . . . are supported by substantial evidence." *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990) (citing 28 U.S.C. § 405(g)). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). A district court does not resolve conflicts of evidence or issues of credibility. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The medical opinion of a treating source is given controlling weight "if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 469 (6th Cir. 2006). When an ALJ does not give controlling weight to a treating physician's opinion, to determine the appropriate weight to give the opinion, the ALJ will consider the doctor's examining relationship with the claimant, the nature and length of the treatment relationship, the supportability of the doctor's opinion, the consistency of the opinion with other evidence in the record, the doctor's specialty, and other factors. 20 C.F.R. § 416.927(d)(1)-(6). As Plaintiff emphasizes, subsection (d)(2) provides: "When we do not give the treating source's opinion controlling weight, we apply the factors listed . . . in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." *Id.* § 416.927(d)(2). *See also id.* § 416.927(f)(2)(ii) ("Unless the treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given

to the opinions . . . as the [ALJ] must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.").

It is undisputed that "the ALJ must provide good reasons for the weight given a treating source's opinion." *Nelson*, 195 F. App'x at 469 (citing *Wilson v. Comm'r of Soc.. Sec.*, 378 F.3d 541 (6th Cir. 2004), and *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456 (6th Cir. 2005)). Nonetheless, Plaintiff insists that the ALJ must go beyond providing good reasons by articulating a specific analysis as to each factor listed in § 416.927(d). Plaintiff cites *Wilson*, 378 F.3d 541, for the general proposition that administrative agencies are required to follow their own regulations, but Plaintiff does not cite any authority for the proposition that § 416.927(d) or any other social security regulation requires an ALJ to specifically articulate her analysis as to each of the factors listed in § 416.927(d). Thus, the magistrate judge did not err by rejecting this argument. Moreover, as the magistrate judge concluded, the ALJ provided good reasons for discounting the opinions of Drs. Foster and Aqil and therapist Wojewoda.

First, Plaintiff emphasizes that Dr. Foster's May 2004 psychiatric evaluation indicates that Plaintiff has a history of abuse, difficulty with appropriately expressing her emotions, marked difficulty in concentration, and reported feeling alone, lost, hopeless, helpless, and having difficulty sleeping. Tr. 356-57. At that time, Dr. Foster noted a diagnostic impression of: "Major depression, recurrent, severe, . . . Post-traumatic stress disorder, . . . Rule out attention deficit disorder," with a "Global Assessment Functioning of 40." Tr. 358. Plaintiff contends that Dr. Foster's evaluation is consistent with an independent psychological evaluation she underwent in August 2002, where she demonstrated difficulties with memory and arithmetic, and appeared "very vulnerable to stress."

Tr. 275-76. At that time she was diagnosed with anxiety disorder NOS, including prominent depressive features, and had a GAF of 52. Tr. 277. Her prognosis was fair with treatment. Tr. 277.

As the magistrate judge acknowledged, in August 2006, Dr. Foster indicated his opinion on a mental residual functional capacity assessment form that Plaintiff had marked limitations in fourteen work related areas. Tr. 513-14. Yet, the ALJ highlighted Dr. Foster's progress notes, and determined that his notes did not support the severity of the limitations because he repeatedly noted that Plaintiff was doing well and that her prognosis was good on her medication. Tr. 488-94. The ALJ further suggested that Plaintiff's level of daily activities undermined Dr. Foster's opinion. Thus, the magistrate judge concluded that the ALJ gave sufficient reasons for determining that Dr. Foster's opinion was not entitled to significant weight. Nothing in Plaintiff's objection undermines that conclusion.

Second, Plaintiff emphasizes that Dr. Aqil has been her treating internal medicine physician since at least 2001. *See* Tr. 232; *but see* Tr. 510. In an opinion in September 2006, Dr. Aqil reported that Plaintiff was unable to perform even sedentary work on a regular and continuous basis. Tr. 510. He indicated that Plaintiff presented in his office in obvious pain and with difficulty in mobility, and explained that the medications of Elavil and Vicodin may cause drowsiness. Tr. 510. He indicated that Plaintiff recently underwent a lumbar fusion and that it would be expected that she would need to lie down at intermittent times during the day. Tr. 510. Plaintiff also emphasizes that May 2002 notes of Dr. Muhammad S. Jilani demonstrate her history of chronic, low back pain with intermittent radicular symptoms, steroid injections which only gave short-term relief, and difficulty bending. Tr. 297-98. Dr. Jilani noted that Plaintiff's range of motion was markedly limited in all

planes with only about twenty-five percent flexion and extension. Tr. 297. He noted that her gait was independent, although guarded. Tr. 297.

As the magistrate judge noted, the ALJ discussed Dr. Aqil's September 2006 mental residual functional capacity assessment of Plaintiff, and concluded that Dr. Aqil's treatment records and diagnostic tests did not support his opinion. The ALJ specifically cited Dr. Aqil's progress notes from December 2005 and July 2006, which reflected no irregular gait, normal power and sensation, normal memory, and minimal abnormalities. Tr. 224-44. Thus, the magistrate judge concluded that the ALJ was not required to give Dr. Aqil's opinion significant weight when it was not adequately supported by the evidence. Nothing in Plaintiff's objection undermines that conclusion.

Third, Plaintiff emphasizes that therapist Wojewoda completed a mental impairment questionnaire and treated Plaintiff from July 1999 to 2001, and beginning again in February 2003. Tr. 163, 198, 303, 314. In addition, therapist Wojewoda provided a letter discussing Plaintiff's problems with memory, and occasions on which she has passed out in his office, possibly related to her emotional stress which overwhelms her. Tr. 548. Therapist Wojewoda indicated that when Plaintiff is overwhelmed emotionally, she has a pattern of isolating herself and having as little contact with the outside world as she can. Tr. 548.

As the magistrate judge noted, although therapist Wojewoda indicated that Plaintiff had marked limitations in performing mental activities, the ALJ found that his opinion was not consistent with other evidence in the record, including his own notes. The magistrate judge noted that therapist Wojewoda consistently reported normal findings on his mental status examinations of Plaintiff, and that his letter was not consistent with his treatment notes. Tr. at 171-97. The magistrate judge concluded that since therapist Wojewoda's own progress notes did not support his opinion, the ALJ

reasonably concluded that his opinion was not entitled to significant weight. Nothing in Plaintiff's objection undermines this conclusion. Moreover, Plaintiff's contention that the ALJ did not even mention therapist Wojewoda in her decision is disingenuous as the decision refers to "claimant's counselor" and "treating therapist" and cites to therapist Wojewoda's evaluation and letter. Plaintiff has not suggested that these are references to anyone but therapist Wojewoda.

While Plaintiff asserts that each of the opinions of Drs. Foster and Aqil and therapist Wojewoda support the opinions of each other, the ALJ did not err by giving such consistency little weight after concluding that each opinion was not supported by the medical provider's own treatment notes. Lastly, Plaintiff objects that the ALJ's decision did not comport with the instructions given on remand from the Appeals Council. However, this Court only reviews the final decision of the Commissioner, and not intermediate administrative processes. *See, e.g.*, *Brown v. Comm'r of Soc. Sec.*, No. 1:08-CV-183, 2009 WL 465708, at *6 (W.D. Mich. Feb. 24, 2009) (citing 42 U.S.C. § 405(g)). Whether the ALJ complied with the order of remand is not material to whether the ALJ's decision is supported by substantial evidence or whether the ALJ gave appropriate weight to the opinions of treating medical providers. Thus, the issue will not be considered by this Court.

In conclusion, the Court has reviewed the record evidence and the ALJ's opinion, and agrees with the magistrate judge that, under the governing standards, the ALJ's decision was within the range of discretion allowed by law and is supported by substantial evidence.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 18] is **ADOPTED**, and that Plaintiff's objections to the report and recommendation [Dkt. # 21] are **OVERRULED**.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 15] is **GRANTED**, and that Plaintiff's motion for summary judgment [Dkt. # 12] is **DENIED**.

                                                s/Thomas L. Ludington  
                                                THOMAS L. LUDINGTON  
                                                United States District Judge

Dated: March 22, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 22, 2010.

                                      s/Tracy A. Jacobs  
                                        TRACY A. JACOBS